UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 04-cv-4256-JPG

TERRY FOSTER and RONALD KOSYDOR,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Ronald Kosydor's ("Kosydor") motion to dismiss (Doc. 12), which the Court construes as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States responded to the motion (Doc. 13).

### I.    Dismissal Standard

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Brown*, 398 F.3d at 908; *Strauss v. City of Chicago*, 760 F.2d 765 (7th

Cir. 1985).  However, although liberal federal notice pleading standards ensure that even vague, non-detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much.  A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail.  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997). Kosydor claims that the United States has done just that:  pled facts that show the statutes of limitations for each count bar the claims of the United States.

## II.    Alleged Facts

The Amended Complaint alleges that in June 1998, defendant Terry Foster ("Foster") hired Kosydor to cut timber on land Foster owned that abutted the Shawnee National Forest ("Shawnee"), which is owned by the United States.  Foster did not clearly mark the boundary between his land and the Shawnee, did not adequately instruct Kosydor as to the location of the boundary, and did not monitor Kosydor's work sufficiently to ensure that he did not cut trees beyond the boundary.  Throughout the summer of 1998, Kosydor cut timber on Foster's land and on 20 acres of the Shawnee adjacent to Foster's land.  The United States discovered that Kosydor had cut trees on the Shawnee on December 19, 1999.  Almost five years after this discovery, on December 15, 2004, the United States filed this lawsuit alleging four counts against both defendants:  trespass (count 1), conversion (count 2), unjust enrichment (count 3), and a violation of the Illinois Wrongful Tree Cutting Act ("WTCA")*,* 740 ILCS 185/2 (count 4).

Kosydor asks the Court to dismiss this case on the grounds that the Illinois statute of limitations for each count ran before the United States filed this suit.  Specifically, he alleges that all counts are barred by the five-year statute of limitations set forth in 735 ILCS 5/13-205, which applies to claims for conversion and for all other civil actions for which there is no other specific

2

statute of limitations provided.

The United States argues that the Illinois statute of limitations does not apply to this action, which it believes is governed by the federal six-year statute of limitations.  It further argues that under a set of facts consistent with those in the Amended Complaint, it may be able to prove that this lawsuit is timely under either statute of limitations because the limitations period was tolled until December 19, 1999, when the United States first learned of the timber cutting in the Shawnee.

**III.    Analysis**

The United States may be able to prove a set of facts consistent with those pled in the Amended Complaint showing that the applicable statute of limitations had not run when it filed this lawsuit.  Accordingly, dismissal of this case at this stage is inappropriate.

A.    <u>Applicable Statute of Limitations</u>

The Illinois statute of limitations does not apply to the United States' causes of action in this case.  "It is well settled that the United States is not bound by state statutes of limitation . . . in enforcing its rights."  *United States v. Summerlin*, 310 U.S. 414, 416 (1940) (citing *United States v. Thompson*, 98 U.S. 486 (1879);  *United States v. Nashville, Chattanooga & St. Louis Ry.*, 118 U.S. 120, 125 (1886)).  "When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement."  *Summerlin*, 310 U.S. at 417.  This rule is grounded in the "public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers."  *Guaranty Trust Co. v. United States*, 304 U.S. 126, 132 (1938)

(internal quotations omitted).[1]

Counts 1, 2 and 3 in this case are instead governed by the federal six-year statute of limitations.  28 U.S.C. § 2415.  Section 2415(b) explicitly sets forth a six-year limitations period for causes of action for trespass (count 1) and conversion (count 2).  A claim for unjust enrichment (count 3) is considered to be based on a contract implied in law, so it is governed by the six-year statute of limitations set forth in § 2415(a).  *United States v. First Nat'l Bank*, 957 F.2d 1362, 1371-72 (7th Cir. 1992).

Claims under the WTCA (count 4) are a different story.  The United States asserts without any analysis or reference to caselaw that a cause of action under the WTCA is best categorized as "an action to recover damages resulting from a trespass," which, as noted above, carries a six-year statute of limitations.  It offers no reason why a WTCA action is not better categorized as an action founded generally upon a tort, which carries a three-year statute of limitations.  28 U.S.C. § 2415(b).  Kosydor did not reply to the government's response, and thus has not responded to the United States' assertion.  In the absence of any substantive briefing from either side and in light of the fact that Kosydor has clearly not selected the proper statute of limitations, the Court assumes for the purposes of this motion only that the six-year statute of

---

[1]There are some exceptions to this rule.  For example, the United States may be subject to a state statute of limitations when it attempts to enforce an assigned or subrogated claim for which the state statute of limitations expired before the United States acquired the claim and when the United States is not acting on behalf of a United States governmental interest.  *See, e.g., United States v. California*, 507 U.S. 746, 758-59 (1993) (holding that a state statute of limitations barred the United States' cause of action as subrogee of private contractor where the United States asserted its right to subrogation after the limitations period had expired against the private contractor); *Guaranty Trust*, 304 U.S. at 141-42 (holding that a state statute of limitations barred the United States' cause of action assigned from a foreign state when the United States acquired the cause of action after the limitations period had expired against the foreign state).  However, in this case the United States is clearly suing on behalf of a United States governmental interest and has owned the cause of action since it accrued.  Thus, the exceptions to the general rule that state statutes of limitations do not apply to the United States do not apply in this case.

limitations applies.  Should Kosydor wish to challenge this assumption, he is free to raise the issue later in this litigation.

     B.    <u>Tolling of the Statute of Limitations</u>

     It is clear that the United States filed this lawsuit more than six years after Kosydor cut the trees from the Shawnee.  Therefore, regardless of whether the five- or six-year statute of limitations applies, the United States must rely on tolling rules in order to escape dismissal of this case.  The relevant question for this motion then becomes whether the United States has pled a set of facts under which the statute of limitations could not possibly be tolled.  If there is a hypothetical set of facts consistent with the Amended Complaint under which the statute of limitations would be tolled, dismissal under 12(b)(6) is inappropriate.  *See Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (at the dismissal stage, "the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, equitable tolling and discovery rule context").

     The tolling rule applicable to the federal statutes of limitations in § 2415 excludes from the running of the statute "all periods during which . . .  facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances. . . ."  28 U.S.C. § 2416(c).[2]  The Amended Complaint clearly alleges that the United States initially discovered the tree cutting on the

---

[2]This rule is similar to the "discovery rule" under Illinois law which provides that a cause of action does not accrue and the statute of limitations does not begin running "until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused."  *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135, 1138 (Ill. 1995) (internal quotations omitted).  Because he believed the Illinois statute of limitations governed, Kosydor only challenged the application of the Illinois discovery rule in his motion to dismiss.  However, since the rules are similar in substance, the Court assumes Kosydor would make similar arguments with respect to the federal tolling statute and will address those arguments in this order.

Shawnee on December 19, 1999, just within five years of when it filed this lawsuit on December 15, 2004.  If this is the date that triggered the statute of limitations, this suit is timely.  However, Kosydor presumably would argue that the United States reasonably could have known about the tree cutting in the summer of 1998, when the trees were cut.  If that is the date that triggered the statute of limitations, the United States sued too late even under the six-year statute of limitations.

The Court has reviewed the Amended Complaint carefully, taking all its allegations as true and drawing all reasonable inferences in the United States' favor, and has determined that there is nothing therein that establishes that the United States should have known about the tree cutting in the summer of 1998, when it occurred, or any other time more than six years prior to the commencement of this lawsuit.  Furthermore, the Court can imagine a set of circumstances in which it would not be reasonable for the United States to have discovered the cutting of this relatively minuscule 20-acre portion of the Shawnee, which contains over 265,000 acres in total, until some time after it was actually cut.  The length of that reasonable "some time" is an issue of fact that must be left to resolve later in this litigation.  *See Clark*, 318 F.3d at 767-68.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Kosydor's motion to dismiss (Doc. 12).

**IT IS SO ORDERED.**
**DATED:  June 15, 2005**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**