IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|           Plaintiff,                         ) | |
|                                                     ) | |
| vs.                                                        ) | NO:04-cv-4256-JPG |
|                                                     ) | |
| TERRY FOSTER and RONALD KOSYDOR,  ) | |
|           Defendants.                     ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of the United States of America for default judgment pursuant to Federal Rule of Civil Procedure 55 (b) (Doc. 21) and the motion of defendant Ronald Kosydor ("Kosydor") to vacate entry of default pursuant to Federal Rule of Civil Procedure 55(c) (Doc. 23).

The United States filed this case in December 2004, and shortly thereafter both defendants waived service of process. In response to the Amended Complaint, Kosydor filed a timely motion to dismiss on statute of limitations grounds. Defendant Terry Foster, on the other hand, did not respond to the Amended Complaint and was defaulted in April 2005. In June 2005, the Court denied Kosydor's motion, but Kosydor failed to answer the Amended Complaint within ten days of that denial, the time period allotted under Federal Rule of Civil Procedure 12(a)(4)(A). Accordingly, on September 23, 2005, the United States asked the Clerk of Court to enter default against Kosydor, and on September 26 the Clerk of Court obliged. On October 5, the United States filed the pending motion for default judgment against both defendants. On October 11, Kosydor then filed an answer and the pending motion to vacate the default entered against him. Kosydor's counsel states that he had prepared the answer for timely entry, that he

1

had instructed his office staff to file the answer, but that the answer was inadvertently not filed. He states that he first learned Kosydor's answer had not been filed on September 26, when default was entered, and that he filed the motion to vacate default and the answer as soon as he was able to learn how to do so using the Court's electronic case filing ("ECF") system, which has been in place since January 2004.

Rule 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). The United States argues that Kosydor does not satisfy any of the three elements.

In this case, Kosydor has made a sufficient showing of all three elements. It is clear that Kosydor's counsel's failure to timely file the answer was inadvertent and the result of a miscommunication, not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default. *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Furthermore, counsel's behavior does not reflect the kind of repeated delinquencies that justified denying a motion to vacate default in *Pretzel & Stouffer*, where counsel missed the deadline to answer, failed to move for leave to file the answer out of time, failed to provide a copy of the answer to opposing counsel, and failed to appear at a status hearing without a valid excuse. *See Pretzel & Stouffer*, 28 F.3d at 45-46. However, while the type of internal office miscommunications Kosydor had may not always amount to good cause, *see id.* (incorrectly calendaring a court hearing or other "routine back-office problems . . . do not rank high in the list of excuses for

default."), the Court is mindful of the difficulties attorneys have in adjusting to the ECF system used in this district.  The district's adoption of the ECF system in 2004 invariably makes an attorney's first appearance here after that challenging, to say the least.  Accordingly, the Court has made limited allowances for attorneys new to the electronic practice.  In this case, the Court finds that the single omission of Kosydor's counsel – the failure to file a timely answer – viewed in light of the unique challenges presented by the ECF system and in light of his apparent timeliness and ability to follow rules in other aspects of this case, does not justify failing to vacate the entry of default for lack of good cause.  The Court warns Kosydor's counsel, however, that it will not be so indulgent in the future in this or any other case in which he appears.

  As for taking quick action to correct the default, Kosydor's counsel acted by filing a motion to vacate entry of default 15 days after he learned of his deficiency and more than three months after the answer was due.  Whether this qualifies as "quick" turns on the particular situation.  *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).  In this case, the Court does not accept counsel's ignorance of the ECF system as a valid excuse for his delay.  Kosydor's counsel registered for the ECF system and received a log-in and password in February 2005.  Although this is counsel's first case in this district since the implementation of the ECF system, participation in the ECF system carries with it the responsibility of learning how to negotiate the system, including being able to file motions and other documents with the Court in a timely manner.  That Kosydor's counsel took more than two weeks to learn how to do something he should have learned as early as February 2005 is no excuse.  Nevertheless, the Court finds that, regardless of the reason for the 15-day delay after discovery of the default, Kosydor's counsel was not so slow that it precludes him from satisfying the second prong of the test – quick action.  The Court therefore finds that Kosydor took sufficiently quick action to correct his default.

The Court further finds that Kosydor has asserted a meritorious defense based on the statutes of limitations, if not in his motion to vacate default, in the answer that accompanied his motion and in the motion to dismiss filed earlier in this case.  A meritorious defense is not necessarily a winning defense, but is instead "one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis."  *Jones*, 39 F.3d at 165.  It must be more than a general denial or a bare legal conclusion that a defense exists.  *See Pretzel & Stouffer*, 28 F.3d at 46.  Kosydor's statute of limitations defense satisfies the third element because it is more than a general denial or a bare legal conclusion and, as the Court recognized in its order denying Kosydor's motion to dismiss, can be supported by legal and factual arguments.

For the foregoing reasons, the Court **GRANTS** Kosydor's motion to vacate the entry of default (Doc. 23), **VACATES** the entry of default against Kosydor (Doc. 19), and **DEEMS** Kosydor's answer timely filed.  In light of the Court's ruling on the motion to vacate entry of default, the Court **DENIES** the United States' motion for default judgment (Doc. 21). The Court further **ORDERS** Kosydor's counsel to read the Court's Local Rules and ECF Rules before proceeding further in this case.  Assistance with the ECF system and Court rules can be found at the Court's website:  http://www.ilsd.uscourts.gov.

**DATED:  November 3, 2005**

                                          s/ J. Phil Gilbert
                                               **Judge**